An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-635

Filed 5 August 2026

Forsyth County, Nos. 18CR061843-330, 19CR057768-330

STATE OF NORTH CAROLINA, Plaintiff,

v.

LESSIE DENISE GRAVES, Defendant.

Appeal by defendant from judgment entered 23 April 2024 by Judge Stephanie L. Reese in Forsyth County Superior Court. Heard in the Court of Appeals 19 May 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Michael T. Wood, for the State.*

> *Attorney Anne Bleyman, for defendant-appellant.*

DILLON, Chief Judge.

Defendant Lessie Denise Graves appeals from a jury's verdict finding her guilty of first-degree murder on the basis of malice, premeditation and deliberation, first-degree kidnapping, and robbery with a dangerous weapon. For the reasoning below, we hold that Defendant received a fair trial, free from reversible error.

## I. Background

In February 2022, a Forsyth County Grand Jury indicted Defendant for first-degree murder, first-degree kidnapping, and robbery with a dangerous weapon. The State's evidence tended to show Defendant and another individual restrained James McCormick in Mr. McCormick's apartment, robbed him, and caused his death.

Defendant was tried by a jury for several crimes. During jury instructions, based on evidence that Defendant caused the victim's death, the trial court instructed the jury on first-degree murder and second-degree murder. Based on evidence that Defendant robbed the victim, the trial court instructed the jury on the crimes of robbery with a dangerous weapon and common law robbery, a lesser-included offense. Based on evidence that Defendant restrained the victim, the trial court instructed the jury on both first-degree kidnapping and second-degree murder.

The jury found Defendant guilty of first-degree murder, first-degree kidnapping, and robbery with a dangerous weapon. The trial court entered judgment consistent with the verdicts. Defendant appeals.

## II. Analysis

Defendant makes two arguments on appeal, which we address in turn.

### A. Dangerous Weapon Instruction

Defendant argues the trial court erred by failing to identify the specific objects the jury could consider dangerous weapons. Specifically, the State presented evidence that a sock, electrical cords, and a staple gun were all used during the

commission of the offenses. A forensic pathologist testified the victim died from asphyxiation caused by a sock lodged deep in his throat and electrical cord bindings restricting his ability to breathe. And during the charge conference, parties agreed that definitions of "dangerous or deadly weapon" and "serious bodily injury" should be included in the robbery with a dangerous weapon instruction because the alleged weapons—an electrical cord and a staple gun—were not traditionally considered deadly weapons.

Defendant further asserts this failure to identify the objections in the "dangerous weapon" instruction created ambiguity as to whether the jury unanimously agreed on all essential elements of the offenses. Defendant contends that it is unclear whether the jurors agreed on the same dangerous weapon.

### 1. Preservation and Standard of Review

We note Defendant did not object to the instruction as given by the trial court. Defendant's failure to preserve the alleged instructional error in this case limits our review to plain error. *State v. Lawrence*, 365 N.C. 506, 518 (2012). A defendant may not challenge a jury instruction on appeal unless the defendant objected before the jury retired and distinctly stated the grounds for the objection. N.C. R. App. P. 10(a)(2). Further, a party may not raise a different argument on appeal than was presented to the trial court. *State v. Hoffman*, 349 N.C. 167, 177 (1998).

Defendant asserts the trial court erred by failing to instruct the jury on specific objects that could constitute dangerous weapons. However, at trial, Defendant

objected only to the trial court's removal of dangerous weapon language from the murder instructions:

> THE COURT: I've taken out dangerous weapon from almost everything. I kept it in robbery with a dangerous weapon. I took out all of the murder, the premeditated and felony murder.
>
> DEFENSE: Just ask that the Court note my objection to that.

Defendant did not argue the instructions failed to identify the particular objects which could constitute dangerous weapons. Because Defendant advances a theory on appeal different from that presented at trial, this issue was not preserved for appellate review. *See Hoffman*, 349 N.C. at 177. Accordingly, we review only for plain error.

### 2. No plain error

Plain error involves a "three-factor test," requiring a defendant to prove three elements to establish plain error: (1) "that a fundamental error occurred at trial"; (2) that "absent the error, the jury probably would have returned a different verdict"; and (3) "that the error is an 'exceptional case' that warrants plain error review[.]" *State v. Reber*, 386 N.C. 153, 158 (2024) (citation omitted).

Assuming, arguendo, the trial court committed error by failing to instruct the jury on specific objects which could constitute dangerous weapons, we conclude the error did not rise to plain error. Specifically, for the reasoning below, we conclude Defendant has failed to demonstrate the second factor, namely that any such error

- 4 -

had a probable impact on the jury's verdict in light of the evidence.

To establish the second element of plain error, a defendant must show the probability that, without the error, the jury would have decided differently:

> The question on plain error . . . . [is] whether, absent that [error], the jury probably would have returned a *different* verdict. In other words, the test examines the state of all the evidence except for the challenged evidence and asks whether, in light of that remaining evidence, the jury probably would have done something different.

*Id.* at 162 (citation modified).

Here, the State presented evidence tending to show that the victim died from asphyxiation caused by a sock lodged deep in his throat and electrical-cord bindings that restricted his ability to breathe. The jury found Defendant guilty of robbery with a dangerous weapon after being instructed on both robbery with a dangerous weapon and common law robbery. Accordingly, the jury necessarily determined that a dangerous weapon was used. Further, the jury submitted no questions regarding the dangerous weapon instructions, and each juror affirmed the verdicts when polled.

Viewing all the remaining evidence, this was not a case where the jury probably would have reached a different result had the sock, electrical cords, or staple gun been named in the instructions. Accordingly, we conclude that Defendant failed to show that any alleged instructional error rose to the level of plain error.

## B. Short-Form Indictment

Defendant next argues the first-degree murder conviction "must be vacated"

because the short-form indictment alleged only the elements of second-degree murder. Defendant concedes she did not challenge the sufficiency of the indictment at trial, nor did she preserve this issue for appeal.

"[F]ailure to raise a constitutional issue before the trial court bars appellate review." N.C. R. App. P. 10(b)(1); *State v. Valentine*, 357 N.C. 512, 525 (2003) (citation modified). Even assuming this issue is reviewable on appeal, we find no error.

Here, the murder indictment identified the offense as "1 F-MURDER," cited G.S. 14-17, and alleged as follows:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously and of malice aforethought did kill and murder JAMES HERBERT MCCORMICK.

"A bill of indictment meeting the requirements of N.C.G.S. § 15-144 concerning murder will support a conviction or plea of guilty to murder in the first degree." *State v. Melton*, 307 N.C. 370, 372 (1983). "In indictments for murder . . . it is sufficient in describing murder to allege that the accused person feloniously, willfully, and of his malice aforethought, did kill and murder (naming the person killed) . . . ." N.C.G.S. § 15-144. A short form indictment authorized by G.S. 15-144 is sufficient to charge first-degree murder without specifically alleging premeditation and deliberation or felony murder. *State v. Avery*, 315 N.C. 1, 14 (1985) (cleaned up).

We conclude the short-form murder indictment in this case complies with the requirements set in G.S. 15-144. *See, e.g., State v. Braxton*, 352 N.C. 158, 173 (2000).

Accordingly, this indictment properly vested the trial court with jurisdiction to try Defendant for the crime of first-degree murder.

## III. Conclusion

We conclude Defendant received a fair trial, free from reversible error.

NO ERROR.

Judges GORE and STADING concur.

Report per Rule 30(e).